[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife in Cicero, New York, on August 19, 1967. Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of this action.
Three children were born to the wife during the course of the marriage, one of which is a minor, to wit: Anne E. Canastar, born October 11, 1978. All of the children are issue of the marriage.
The parties have agreed that custody and visitation is not an issue in these proceedings. Similarly, it appears that the valuation of the marital home is not an issue. There is only a $5,000 variance on the financial affidavits. Accordingly, the Court can reasonably find that the fair market value is $147,500.
The parties are both well educated. The wife has a bachelor of science degree in archaeology and 23 credit hours toward her master's degree. The husband has both a B.A. and master's degree. However, because she was responsible for CT Page 9261 raising the children, the wife was out of the "market place" for a considerable period of time. She did not have the opportunity to pursue her education and acquire a job in her educational specialty. The plaintiff argues that she has not utilized her talents to the fullest and that she is capable of earning considerably more than her hourly rate of $7.90. It may well be that she has the capacity, however, there has been no showing that she has any offers of more lucrative employment. Given the present economic climate and the narrow limitation of her chosen field, i.e. archaeology, this Court would be hard pressed to base any award at this time on her ability and capacity. The Court must consider a period of time for her to explore the market place and to complete her education.
The husband appears to be secure in his present employment and earns approximately $68,000 per year. There is no dispute as to his gross earnings. The defendant contends, however, that his tax deductions are grossly inflated and that his actual weekly net earnings, taking under consideration a child exemption and alimony, would be $979 rather than $831, as shown on his financial affidavit. The Court concludes from all of the evidence that the net figure should be $885 and will base its award of child support and alimony predicated upon that net figure.
Both parties are apparently in good health, although both testified to minor physical problems.
The Court need not recite in detail the allegations of the parties relative to the cause of the breakdown. The wife testified as to isolated instances of what she has characterized as "abuse." The Court certainly does not condone any form of abuse, isolated or otherwise. However, given the length of the marriage and the isolated nature of the claimed abuses, it cannot conclude with certainty that this was the cause of the breakdown. The husband has been a responsible, hard-working individual, who has provided for his family to the best of his ability.
When people live together for 25 years, there are bound to be instances of frustrations and loss of temper. Things are said and done which are not necessarily reflective of the everyday behavior of the parties. This appears to be such a situation. The Court, therefore, cannot CT Page 9262 assess a greater degree of blame for the breakdown to either of the parties.
Having taken under consideration all of the testimony and being mindful of the fragile nature of the equity in the homestead and the financial danger it poses to both parties, and further taking under consideration all of the statutory criteria mandated under Connecticut General Statutes Sections 46b-81, 46b-82 and 46b-84, the Court further finds and orders as follows.
(1) The marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution may enter.
(2) There shall be joint custody of the minor child, with physical custody in the mother. Father shall have rights of reasonable visitation.
(3) The father shall pay as support for the minor child the sum of $230 per week. This sum is in compliance with the Child Support Guidelines which the Court finds applicable. An immediate wage garnishment shall issue to enforce the payment of said sum.
(4) The husband shall be entitled to claim the minor child as an exemption and the wife shall execute any and all documents necessary to effect said purpose.
(5) The husband shall maintain medical and dental insurance for the minor child as available through his employment. All unreimbursed medical and dental expenses shall be divided equally between the husband and the wife. These orders are subject to the provisions of Connecticut General Statutes Section 46b-84(c).
(6) The husband shall maintain whatever policies of life insurance he presently has and shall name the wife as irrevocable beneficiary for so long as he is delegated to pay child support or alimony. He shall provide the wife with proof of said insurance and he shall not be permitted to borrow on said policy or policies.
(7) Title in the 1985 Oldsmobile Firenza shall be given to the husband and the wife shall be given title to the CT Page 9263 1986 Oldsmobile Cierra. The parties shall execute any and all documents necessary to comply with this order.
(8) The Court has been given a list of personal property owned by the parties. Whatever the items the parties cannot agree upon shall be divided by lot, with the wife having first choice and the husband second choice. This procedure of alternate choices shall continue until all of the personal property has been distributed.
(9) The husband shall assign all of his right, title and interest in his 401K plan to his wife by a QDRO to be prepared by the wife's attorney.
(10) The husband shall retain all of his interest in his pension.
(11) The wife shall be given exclusive possession of the marital home. The wife shall within three years attempt to remove the husband's name from any liability on the mortgage. Should she be successful in doing this, then the husband shall execute and deliver to the wife a quitclaim deed as to his interest in said premises.
Should the wife not be able to have the husband released of all obligations under the present mortgage, then the parties shall place the property on the market by November 1, 1995 at a price to be mutually agreed upon. Should the parties be unable to agree upon a sales price, then each shall select a realtor and the average of said realtors' fair market value shall be the amount placed on the listing agreement. Any offer within 10 percent of the listing agreement shall be accepted by the parties. Any net proceeds from the sale shall be retained by the wife. Any deficiency shall be borne equally by the parties.
Until such a sale or title vests entirely in the wife's name, the wife shall be responsible for the payment of the mortgage, taxes, insurance, and all other expenses attendant to the home, including but not limited to all maintenance and repair.
(12) The husband shall pay as periodic alimony to the wife the sum of $140 per week until the happening of the first of the following events: CT Page 9264
a. death of either party;
b. remarriage by the wife;
c. cohabitation by the wife;
d. thirteen years from the date of this decree.
The Court has specifically limited the time of payment of alimony because it is of the opinion that the wife has the ability, given time, to become totally self reliant.
In no event shall the term of said alimony be modifiable.
(13) Each of the parties shall be responsible for his or her own liabilities, costs and attorney's fees.
MIHALAKOS, J.